# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SAVANNAH BERGER, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:21-CV-190 |
| v. | § | Judge Mazzant |
| | § | |
| REPUBLICAN NATIONAL | § | |
| COMMITTEE, | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Republican National Committee's Motion for Summary Judgment (Dkt. #13).  Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED**.

## BACKGROUND

This action arises out of alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Dkt. #1).  Plaintiff Savannah Berger ("Berger") received multiple text messages from Defendant Republic National Committee (the "RNC") on her cellular telephone, the last four digits of which are 1310 (Dkt. #1 ¶ 11).  These text messages were allegedly sent through an automated telephone dialing system ("ATDS") (Dkt. #1 ¶ 15).  Berger received the RNC's messages despite registering her telephone number with the Federal Trade Commission's Do Not Call Registry in August of 2019 (Dkt. #1 ¶ 14).

On March 11, 2021, Berger brought claims under Sections 227(b) and 227(c) of the TCPA (Dkt. #1 ¶¶ 18–32).  The RNC answered on May 6, 2021 (Dkt. #4).

On October 25, 2021 the RNC moved for summary judgment (Dkt. #13).  Berger responded on November 15, 2021 (Dkt. #18).  The RNC replied on November 22, 2021 (Dkt. #21).  Berger filed a sur-reply on November 29, 2021 (Dkt. #23).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments

2

and assertions in briefs or legal memoranda" will suffice to carry this burden.  *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).  Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The RNC asserts it did not violate Section 227(b) of the TCPA because it did not use an ATDS to send the messages Berger received (Dkt. #13).  The RNC asserts it is not covered by Section 227(c) of the TCPA for a variety of reasons (Dkt. #13).  Berger responds the RNC has not met its burden to succeed (Dkt. #18).  Before evaluating the parties' substantive arguments, the Court will first address Berger's contention that the Court may not consider the RNC's motion due to non-compliance with the local rules (Dkt. #18 at p. 9).

Generally, a motion for summary judgment must include a statement of the issues and a "Statement of Undisputed Material Facts," E.D. TEX. CIV. R. 56(a), which the RNC failed to include in its motion (Dkt. #13).  Berger relies on *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, wherein this Court declined to consider the defendants' request for summary judgment because it did not comply with the local rule requiring each motion to be filed separately. No. 4:12-CV-543, 2016 U.S. Dist. LEXIS 68337, *18 n.4 (E.D. Tex. May 25, 2016).  However, the Court finds this case distinguishable.

In *Fisher*, the defendants' response stated, "[t]he Court should not only deny Relators' summary judgment motion as to the public-disclosure bar, it should grant judgment to

3

[Defendants]." *Id.* Such a flippant request was made in flagrant disregard for the Court's procedure and this district's local rules, thereby warranting the Court's inattention. Here, to dismiss the RNC's motion for its lack of a statement of issues and a Statement of Undisputed Material Facts would be unduly harsh. *See Howlink Glob. LLC v. Centris Info. Servs., LLC*, No. 4:11-cv-71, 2015 WL 216773, at \*3 (E.D. Tex. Jan. 8, 2015) ("Courts have broad discretion to determine how and when to enforce the local rules, and when to pardon noncompliance."). Furthermore, courts confronted with a motion for summary judgment lacking a statement of issues and a Statement of Undisputed Material Facts have nonetheless considered the motion. *See Asamasbunkers Consultadoria E Participacoes Unipessoal LDA v. United States*, 510 Fed. Appx. 332, 336 (5th Cir. 2013) (upholding the district court's grant of a motion for summary judgment which did not include a statement of issues to be decided by the court and a statement of undisputed material facts); *Ortega v. Frisco Indep. Sch. Dist.*, No. 4:08-CV-358, 2008 WL 5424097, at \*1 n.1 (E.D. Tex. Dec. 30, 2008) (granting motion for summary judgment which did not include a statement of issues to be decided by the court and a statement of undisputed material facts). The Court will therefore consider the merits of the RNC's motion, despite its defects.

The Court now turns to whether there is a genuine issue of material fact regarding Berger's claim for violation of Section 227(b) of the TCPA.

### A.  Claim for Violation of Section 227(b) of the TCPA

The TCPA prohibits the use of an ATDS "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1). An ATDS is defined as "equipment which has the capacity— (A) to store or produce telephone numbers to be

called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).  The RNC argues there is no evidence that it used an ATDS, and therefore there is no evidence it violated Section 227(b) of the TCPA (Dkt. #13 at p. 4).  According to the declaration of the RNC's Chief Technology Officer, the RNC utilizes a peer-to-peer messaging platform which requires direct human intervention to send messages, unlike an ATDS (Dkt. #13, Exhibit A).

Berger makes no argument nor sets forth evidence that there is a genuine issue of material fact regarding whether the RNC violated Section 227(b) of the TCPA (Dkt. #18).  Instead, Berger withdraws her claim under Section 227(b) (Dkt. #18 at p. 7 n.1).  Berger has thus abandoned her Section 227(b) claim.  *See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *7 (N.D. Tex. June 18, 2019) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.") (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).  Berger has failed to meet her burden to show a genuine issue of material fact on her violation of Section 227(b) claim, and so the RNC's motion for summary judgment as to this claim should be granted.

**B.  Claim for Violation of Section 227(c) of the TCPA**

The RNC principally argues summary judgment is appropriate because Section 227(c) of the TCPA does not cover calls or messages sent by political organizations, and the RNC is a political organization (Dkt. #13 at p. 6).  The RNC also contends the messages Berger received do not qualify as a "telephone solicitation" as defined by the TCPA (Dkt. #13 at p. 8).  Finally, the RNC asserts the messages do not fall within the scope of Section 227(c) because Berger received them on her cellphone, rather than on her residential phone (Dkt. #13 at p. 9).  Berger contends the TCPA does not exempt the RNC's calls and messages, the RNC's messages were "sales pitches,"

and Berger used her cellphone for residential purposes (Dkt. #18 at pp. 11–19).  Therefore, Berger argues Section 227(c) of the TCPA applies to the RNC and its motion should be denied (Dkt. #18 at p. 19).  The Court will first evaluate whether political organizations fall outside the scope of Section 227(c) of the TCPA.

The TCPA provides a cause of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ."  47 U.S.C. § 227(c)(5).  The TCPA directs the Federal Communications Commission (the "FCC") to coordinate with the Federal Trade Commission (the "FTC") to establish a national database of consumers who object to receiving "telephone solicitations," referred to as the National Do Not Call Registry (the "Registry").  Pub. L. No. 102-243, 105 Stat. 2394 at § 3.  However, "[b]ecause of the limits to FTC's authority, the Registry does not apply to political calls or calls from non-profits and charities."  FED. TRADE COMM'N: PROTECTING AMERICA'S CONSUMERS, *The Do Not Call Registry*, https://www.ftc.gov/news-events/media-resources/do-not-call-registry (last visited Jan. 3, 2022); *see also National Do Not Call Registry FAQs*, FEDERAL TRADE COMM'N: CONSUMER INFO., (May 2021), https://www.consumer.ftc.gov/articles/national-do-not-call-registry-faqs ("Are any other types of calls still allowed under FTC rules if I'm on the Registry? The rules allow: political calls . . . .").

The messages Berger received were indisputably political in nature.  The RNC is a political action committee representing one of the main political parties in the United States.  Additionally, having reviewed the messages Berger provided the Court, each one requests donations to President Donald Trump's re-election campaign (Dkt. #18 at p. 6).  *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2345 (2020) (recognizing that calls to citizens to discuss candidates

6

and issues, solicit donations, conduct polls, and get out the vote constitutes political speech). Because the RNC is a political organization and the messages were political communications, Berger cannot maintain a claim against the RNC. *Libby v. Nat'l Republican Senatorial Comm.*, __ F. Supp. 3d __, 2021 WL 4025798, at *4 (W.D. Tex. July 27, 2021); *see also Deleo v. Nat'l Republican Senatorial Comm.*, No. 21-03807, 2021 WL 5083831, at *9 (D.N.J. Nov. 1, 2021) (holding the plaintiff could not maintain a claim under section 227(c) of the TCPA because "political organizations are exempt from the Do-Not-Call Registry's restrictions").

Berger points to a decision from this Court, *Bennett v. Veterans Aid PAC, Inc*., Civil Action No. 4:21-cv-340, 2021 WL 3287704 (E.D. Tex. Aug. 2, 2021), alleging it has already rejected the argument that a political organization is exempt under Section 227(c) (Dkt. #18 at p. 16).   In *Bennett*, the defendant brought a 12(b)(6) motion alleging the plaintiff could not state a claim because Section 227(c) does not apply to Political Action Committees. *Id.* at *1.  Without any analysis, the Court merely stated: "After reviewing the Motion, the relevant pleadings, and briefing, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion." *Id.* at *2.  Given the different procedural posture and lack of analysis in its prior opinion, the Court is not persuaded to change its current reading of Section 227(c) and its application, or lack thereof, to the RNC's messages to Berger.  Accordingly, Berger's Section 227(c) claim will be dismissed, and the Court need not address the remaining arguments.[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant Republican National Committee's Motion for Summary Judgment (Dkt. #13) is hereby **GRANTED.**

---

[1] In its reply, the RNC also raised objections to the following exhibits Berger attached to her response: Declaration of Savannah Berger (Dkt. #18, Exhibit A), an email confirming a phone number ending in 1310 was registered with the National Do Not Call Registry (Dkt. #18, Exhibit A-1), and a printout of a webpage (Dkt. #19, Exhibit D).  The Court need not rule on the admissibility of these exhibits as it did not consider such evidence in reaching its current ruling.

**SIGNED this 12th day of January, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE